IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Robert E. Rack, as Special Administrator
for the Estate of Lois M. Rack, deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack                                                                                   PLAINTIFF

vs.                              CASE NO. 4:20-cv-135-BRW

Joseph Schwartz; Rosie Schwartz;
Woodland Hills HC Property Holdings, LLC; and
John Doe 1 through 5, Unknown Defendants,                            DEFENDANTS

### PLAINTIFFS' MOTION TO AMEND MOTION TO DISMISS
### SEPARATE DEFENDANT
### WOODLAND HILLS HC PROPERTY HOLDINGS, LLC

Plaintiff, Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack, by and through his counsel, hereby submits this motion to amend the Motion to Dismiss his pending Amended Complaint as to separate Defendant Woodland Hills HC Property Holdings, LLC which was filed May 22, 2020 (Doc. 25), in order to correct and clarify the Rule relied upon in his Motion.  In support of his Motion, Plaintiff states as follows:

1.   On May 21, Plaintiff filed a motion to dismiss separate Defendant Woodland Hills HC Property Holdings, LLC pursuant to Rule 41(a), which permits

1

a plaintiff to dismiss an action, with or without a court order, under stipulated circumstances. (Doc. 25)

2. In his Motion, Plaintiff cited Rule 41(a)(1), which permits a Plaintiff an absolute right to dismiss without a court order before an answer or summary judgment is filed.

3. Woodland Hills HC Property Holdings, LLC has pending a motion for judgment on the pleadings but has not filed a motion for summary judgment. Because an Answer was filed by Woodland Hills HC Property Holdings, LLC, Plaintiff did not provide the self-effectuating notice of dismissal contemplated by subsection (a)(1). Instead, he filed a Motion seeking an Order from this Court permitting Plaintiff to dismiss, as contemplated by subsection (a)(2).

4. Dismissal under Rule 41(a)(2) is a matter for the discretion of the trial court. *Johnston v. Cartwright*, 355 F.2d 32, 39–40 (8th Cir. 1966).

5. Plaintiff did not contact Defendant before filing the motion but the rule does not require it where a Court order is sought and no counterclaims are pending.

6. Moreover, lack of notice to a defendant does not preclude dismissal on a Plaintiff's motion. *Johnston v. Cartwright*, 355 F.2d 32, 39–40 (8th Cir. 1966).

7. Woodland Hills HC Property Holdings, LLC has now voiced its objection on the record, making its position known.

8. While 8th Circuit precedent does allow dismissal of a party under Rule 41 rather than dismissal of the entire suit, Plaintiff further seeks to amend his Motion to Dismiss to, alternatively, seek relief pursuant to Rule 21. *Johnston v. Cartwright*, 355 F.2d 32, 39–40 (8th Cir. 1966)

9. Rule 21 provides that, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

10. Again, Separate Defendant Woodland Hills HC Property Holdings, LLC has not been dismissed previously.

11. Although Woodland Hills HC Property Holdings, LLC has a pending Motion for Judgment on the Pleadings, dismissing Woodland Hills HC Property Holdings, LLC at this juncture would not constitute a gross injustice to it, as their initial Answer was filed just 3 weeks ago, the Rule 26(f) conference has been postponed, and no discovery has yet been exchanged.

12. Plaintiff submits the proposed Amended Motion to Dismiss with this Motion.

13. Plaintiff respectfully requests that the Court grant Plaintiff's motion to amend his Motion to Dismiss and enter an Order dismissing Separate Defendant Woodland Hills HC Property Holdings, LLC, without prejudice, as a party in this

case whether pursuant to Rule 41 or 21.

Wherefore, Plaintiff requests that the Court grant Plaintiff's motion to amend his Motion to Dismiss and enter an enter an Order dismissing separate Defendant Woodland Hills HC Property Holdings, LLC <u>without prejudice</u>, and for all other and further relief to which Plaintiff is entitled.

        Respectfully submitted,

        Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack

By: _____
        Deborah Truby Riordan (AR93231)
        RIORDAN LAW FIRM
        1501 N. University Ave., Suite 310
        Little Rock, AR  72207
        deb@arklawoffice.com

        James L. Wilkes, II (AR98180)
        Wilkes & McHugh, P.A.
        1 North Dale Mabry Highway, Suite 700
        Tampa, Florida 33609
        Telephone: (813) 873-0026
        Facsimile: (813) 286-8820
        james@wilkesmchugh.com

        Robert H. Edwards (AR99010)
        THE EDWARDS LAW FIRM, PLLC
        711 West Third Street
        Little Rock, AR 72201
        bob@bobedwardslaw.com

Jeff R. Priebe (AR 2001124)
JEFF PRIEBE LAW FIRM
P.O. Box 7481
Little Rock, AR 72217
jeff@jeffpriebelawfirm.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

 I hereby certify that the counsel of record was notified via the Court's electronic filing system on this 22nd day of May, 2020 of the filing of the foregoing document.

_____