IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Robert E. Rack, as Special Administrator
for the Estate of Lois M. Rack, deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack                                                                               PLAINTIFF

vs.                        CASE NO. 4:20-cv-135-BRW

Joseph Schwartz; Rosie Schwartz;
Woodland Hills HC Property Holdings, LLC; and
John Doe 1 through 5, Unknown Defendants,                       DEFENDANTS

### PLAINTIFFS' AMENDED MOTION TO DISMISS
### SEPARATE DEFENDANT
### WOODLAND HILLS HC PROPERTY HOLDINGS, LLC

Plaintiff, Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack, by and through his counsel, hereby submits this Amended Motion to Dismiss his pending Amended Complaint as to separate Defendant Woodland Hills HC Property Holdings, LLC which was filed May 22, 2020 (Doc. 25), in order to correct and clarify the Rule relied upon in his Motion. In support of his Amended Motion, Plaintiff states as follows:

1. Pursuant to Rule 41(a)(2), Plaintiff requests permission to dismiss Plaintiff's claims against separate Defendant Woodland Hills HC Property

1

Holdings, LLC.

2. Woodland Hills HC Property Holdings, LLC has pending a motion for judgment on the pleadings but has not filed a motion for summary judgment.

3. Dismissal under Rule 41(a)(2) is a matter for the discretion of the trial court. *Johnston v. Cartwright*, 355 F.2d 32, 39–40 (8th Cir. 1966).

4. Although Woodland Hills HC Property Holdings, LLC has a pending Motion for Judgment on the Pleadings, dismissing Woodland Hills HC Property Holdings, LLC at this juncture would not constitute a gross injustice to it, as their initial Answer was filed just 3 weeks ago, the Rule 26(f) conference has been postponed, and no discovery has yet been exchanged.

5. While 8th Circuit precedent does allow dismissal of a party under Rule 41 rather than dismissal of the entire suit, Plaintiff alternatively seeks relief pursuant to Rule 21.

6. Rule 21 provides that, "On motion or on its own, the court may at any time, on just terms, add or drop a party."

7. Again, Separate Defendant Woodland Hills HC Property Holdings, LLC has not been dismissed previously.

8. Plaintiff respectfully requests that the Court enter an Order dismissing Separate Defendant Woodland Hills HC Property Holdings, LLC, without prejudice,

as a party in this case whether pursuant to Rule 41 or 21.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Amended Motion to Dismiss and enter an enter an Order dismissing separate Defendant Woodland Hills HC Property Holdings, LLC <u>without prejudice</u>, and for all other and further relief to which Plaintiff is entitled.

        Respectfully submitted,

        Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack

By: _____
        Deborah Truby Riordan (AR93231)
        RIORDAN LAW FIRM
        1501 N. University Ave., Suite 310
        Little Rock, AR  72207
        deb@arklawoffice.com

        James L. Wilkes, II (AR98180)
        Wilkes & McHugh, P.A.
        1 North Dale Mabry Highway, Suite 700
        Tampa, Florida 33609
        Telephone: (813) 873-0026
        Facsimile: (813) 286-8820
        james@wilkesmchugh.com

        Robert H. Edwards (AR99010)
        THE EDWARDS LAW FIRM, PLLC
        711 West Third Street
        Little Rock, AR 72201
        bob@bobedwardslaw.com

Jeff R. Priebe (AR 2001124)
JEFF PRIEBE LAW FIRM
P.O. Box 7481
Little Rock, AR 72217
jeff@jeffpriebelawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record was notified via the Court's electronic filing system on this 22nd day of May, 2020 of the filing of the foregoing document.

_____