**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT E. RACK, as Special Administrator for**
**the Estates of Lois M. Rack, deceased, and on behalf**
**of the wrongful death beneficiaries of Lois M. Rack**                     **PLAINTIFF**

**VS.**                              **4:20-CV-00135-BRW**

**JOSEPH SCHWARTZ, *ET AL.***                                   **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendant Woodland Hills HC Property Holdings, LLC's Motion for

Judgment on the Pleadings (Doc. No. 23). Plaintiff has responded.[1]  For the reasons set out

below, the motion is GRANTED and Woodland Hills is DISMISSED.  All other pending

motions (Doc. Nos. 25, 27, 28) are DENIED as MOOT.

**I.     BACKGROUND**

Defendant Woodland Hills HC Property Holdings, LLC's ("Woodland Hills") sold

Defendants Joseph and Rosie Schwartz and their companies ("Schwartz") a nursing home in

Arkansas in 2016.[2]  Lois Rack was a resident of the nursing home from November 22, 2017 to

January 30, 2018.  She died on February 12, 2018.  Defendant CIBC loaned Schwartz money to

operate the nursing home where Ms. Rack resided.

---

[1]Doc. No. 29.

[2]It is unclear from the Amended Complaint when they purchased the nursing home at issue.  At on point, Plaintiff alleges it was April 1, 2016 (Doc. No. 8, at ¶ 3) but later he says it was September 26, 2016 (Doc. No. 8, at ¶ 39).

On January 30, 2020, Plaintiff filed a complaint in this case.[3]  He filed an amended complaint on March 13, 2020 asserting claims against Woodland Hills for aiding and abetting breach of fiduciary duty and civil conspiracy.[4]

## II.     JUDGMENT ON THE PLEADINGS STANDARD

When deciding a motion for judgment on the pleadings,[5] the "court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor."[6]  A court may grant a motion for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."[7]

## III.    DISCUSSION

As I mentioned in my April 24, 2020 Order,[8] once you peel away the lengthy narrative about how awful Schwartz is, Plaintiff's claims against Woodland Hills are simple: Woodland Hills is liable to Plaintiff because it sold Schwartz the nursing home where Ms. Rack allegedly received negligent care.  Plaintiff alleges that:

- •  Woodland Hills knew that Schwartz was "completely unqualified, both financially and experientially, to own, operate, manage, and control nursing homes or other long term care facilities."[9]

---

[3]Doc. No. 2.

[4]Doc. No. 8.

[5]A motion for judgment on the pleading, under FRCP 12(c) and 12(b)(6) require the same review from a court.  See *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

[6]*Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

[7]*Id.*

[8]Doc. No. 18.

[9]Doc. No. 8 at ¶ 37.

- "This knowledge made it highly foreseeable . . . [to Woodland Hills that] the current and future residents residing at the Facility would likely suffer harm, abuse, neglect, and exploitation."[10]

- Woodland Hills should have known that Ms. Rack would suffer harm.[11]

- Woodland Hills never warned anyone about Schwartz's "financial and healthcare delivery issues."[1213]

These conclusory allegations are insufficient to state a claim against Woodland Hills for aiding and abetting breach of fiduciary duty. Even if the allegations were true, all they establish is that Woodland Hills sold Schwartz a nursing home. This is not aiding and abetting.

Assuming the cause of action even exists in Arkansas, aiding and abetting a breach of fiduciary duty requires that Woodland Hills has actual knowledge of Schwartz's alleged breach of fiduciary duty to Plaintiff and that it provided substantial assistance or encouragement to Schwartz to commit the breach.[14] First, although Plaintiff asserts that Woodland Hills knew of Schwartz financial troubles, he does not assert that Woodland Hills <u>knew</u> Schwartz was breaching its duty of care to patients. He alleges only that it was "highly foreseeable" and Woodland Hills "should have known" that Schwartz was breaching its fiduciary duty to Plaintiff. Plaintiff alleges that Woodland hills "actively monitored deficiencies in care at the facility, as cited by the States of Arkansas in Surveys and were aware during the residence of Lois M. Rack that the operating funds being expended at the Facility were not sufficient to meet the needs of

---

[10]*Id.* at ¶ 38.

[11]*Id.* at ¶ 221.

[12]*Id.* at ¶ 43.

[13]Doc. No. 8.

[14]Restatement (Second) Torts § 876(b).

3

the residents."[15] These allegations are insufficient to establish aiding and abetting.[16]  The

"universal rule requires actual knowledge of the tortious conduct by the wrongdoer, not merely

that the defendant knew something was wrong in general."[17]

    Even if Plaintiff could establish actual knowledge by Woodland Hills, he cannot establish

that CIBC provided substantial assistance or encouragement to Schwartz to commit the breach of

fiduciary duty.  Essentially, Plaintiff's argument is that if Woodland Hills would not have sold

the nursing home to Schwartz, Ms. Rack would not have been injured. "Substantial assistance

requires the plaintiff to allege that the actions of the aider/abettor proximately caused the harm

on which the primary liability is predicated."[18]  Plaintiff's allegations are simply "but for"

causation, which is not enough.  Additionally, selling a company, without further involvement,

to a party that allegedly runs the business into the ground does not amount substantial assistance.

    The civil conspiracy claim must also be dismissed.  Plaintiff has not alleged, and cannot

establish, that Woodland Hills agreed to join Schwartz in its alleged scheme which resulted in

Plaintiff's injuries.[19]  Based on the complaint, Woodland Hills sold a nursing home to Schwartz

and that was the end of their relationship.  This is not enough to expose Woodland Hills to

---

[15]Doc. No. 8, at ¶ 229.

[16]*Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003) ("Federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge.").

[17]*El Camino Resources, LTD. v. Huntington Nat. Bank,* 722 F. Supp. 2d 875, 905–10, 922 (W.D. Mich. 2010) (collecting cases).

[18]*Cromer Finance Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y.2001).

[19]*Halberstam v. Welch*, 705 F.2d 472, 478 (D.C. Cir. 1983) ("The prime distinction between civil conspiracies and aiding-abetting is that a conspiracy involves an agreement to participate in a wrongful activity.  Aiding-abetting focuses on whether a defendant knowingly gave 'substantial assistance' to someone who performed wrongful conduct, not on whether the defendant agreed to join the wrongful conduct.").

liability for Plaintiff's injuries.  Furthermore, Plaintiff has provided only conclusory allegations to support this claim.  Much more is required.

## CONCLUSION

For the above reasons, Defendant Woodland Hills HC Property Holdings, LLC's Motion for Judgment on the Pleadings (Doc. No. 23) is GRANTED and Woodland Hills is DISMISSED. All other pending motions (Doc. Nos. 25, 27, 28) are DENIED as MOOT.

IT IS SO ORDERED this 26th day of May, 2020.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE