IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Robert E. Rack, as Special Administrator
for the Estate of Lois M. Rack, deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack
                                                                                    PLAINTIFF

vs.                              CASE NO. 4:20-cv-135-BRW

Joseph Schwartz; Rosie Schwartz;
And John Doe 1 through 5, Unknown Defendants,                    DEFENDANTS

## MOTION FOR DEFAULT JUDGMENT

Plaintiff, Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, by and through his counsel, submits this Motion for Default Judgment as follows:

1. The pleadings filed in this case reveal that default judgment is proper against Defendants Joseph Schwartz and Rosie Schwartz, as Defendants failed to respond within twenty-one days of service of the summons and Complaint. Fed. R. Civ. P. 12(a)(1)(A).

2. The pleadings and facts reflect:

   **Rosie Schwartz**

   a) On July 30, 2020, a copy of the Summons, Complaint and Amended Complaint were personally served on Separate Defendant, Rosie Schwartz, at her usual place of abode at 21 Briarwood Lane, Suffern, NY 10901, via a licensed process server pursuant to New York Rule of Civil Procedure 308(4), which permits personal service by affixing the

summons to the door of the usual place of abode within the state and by mailing the summons to the person at his last known residence in an envelope bearing the legend "personal and confidential."

b) Pursuant to New York Rule of Civil Procedure 308(4), Geraldina Schiavone, a process server with Perillo Professional Services, followed up with a mailing to Rosie Schwartz marked personal and confidential on August 4, 2020. The USPS Tracking information verifies that delivery of the mailing to Rosie Schwartz was completed on August 5, 2020.

c) In accordance with New York Rule of Civil Procedure 308(4), an Affidavit of Service as to Rosie Schwartz was filed with the clerk of this Court on August 17, 2020, which was within 20 days of the affixing and mailing and such service, which deemed service on Rosie Schwartz complete within 10 days of the filing, on August 27, 2020. (Doc. 34)

**Joseph Schwartz**

a) On July 30, 2020, a copy of the Summons, Complaint and Amended Complaint were personally served on Separate Defendant, Joseph Schwartz, at his usual place of abode at 21 Briarwood Lane, Suffern, NY 10901, via a licensed process server pursuant to New York Rule of Civil Procedure 308(4), which permits personal service by affixing the summons to the door of the usual place of abode within the state and by mailing the summons to the person at his last known residence in an envelope bearing the legend "personal and confidential."

b) Pursuant to New York Rule of Civil Procedure 308(4), Geraldina

2

        Schiavone, a process server with Perillo Professional Services, followed up with a mailing to Joseph Schwartz marked personal and confidential on August 4, 2020. The USPS Tracking information verifies that delivery of the mailing to Joseph Schwartz was completed on August 5, 2020.

   c) In accordance with New York Rule of Civil Procedure 308(4), an Affidavit of Service as to Joseph Schwartz was filed with the clerk of this Court on August 17, 2020, which was within 20 days of the affixing and mailing and such service, which deemed service on Joseph Schwartz complete within 10 days of the filing, on August 27, 2020. (Doc. 33)

3. As it relates to these Defendants, it is undisputed that:

   (a) Both were Defendants properly served under the law in effect in the jurisdiction where they were served;

   (b) Service was complete as of August 27, 2020; and

   (c) An Answer was due from each of these Defendants not later than September 17, 2020, 21 days after service was complete. Fed. R. Civ. P. 12(a)(1)(A).

   (d) As of September 28, 2020, more than 21 days after service was complete, both Rosie Schwartz and Joseph Schwartz have filed to file Answers or to otherwise appear in this suit.

4. Because Defendants have failed to file an Answer or other responsive pleading within the time frames allowed, Plaintiff is entitled to a default judgment against Rosie Schwartz and Joseph Schwartz pursuant to Rule 55 of the Federal Rules of Civil Procedure.

5. In accordance with Local Rule 7.2, attached hereto is a *Brief in Support* of this *Motion* that is incorporated herein.

WHEREFORE, Plaintiff moves for a Default Judgment to be entered against Defendants Rosie Schwartz and Joseph Schwartz, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

By /s/ Deborah T. Riordan
Deborah Truby Riordan (AR93231)
**RIORDAN LAW FIRM**
1501 N. University Ave., Suite 310
Little Rock, AR  72207
deb@arklawoffice.com

and

James L. Wilkes, II (AR98180)
Wilkes & McHugh, P.A.
1 North Dale Mabry Highway, Suite 700
Tampa, Florida 33609
Telephone: (813) 873-0026
Facsimile: (813) 286-8820
james@wilkesmchugh.com

Robert H. Edwards (AR99010)
THE EDWARDS LAW FIRM, PLLC
711 West Third Street
Little Rock, AR 72201
bob@bobedwardslaw.com

Jeff R. Priebe (AR 2001124)
JEFF PRIEBE LAW FIRM
P.O. Box 7481
Little Rock, AR 72217
jeff@jeffpriebelawfirm.com

*Attorneys for Plaintiff*