IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Robert E. Rack, as Special Administrator
for the Estate of Lois M. Rack, deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack
                                                                                        PLAINTIFF

vs.                                    CASE NO. 4:20-cv-135-BRW

Joseph Schwartz; Rosie Schwartz;
And John Doe 1 through 5, Unknown Defendants,                     DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff, Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, by and through his counsel, submits this Brief in support of Motion for Default Judgment.

## PROCEDURAL BACKGROUND

Plaintiff filed this Complaint on January 30, 2020, in Pulaski County, Arkansas Circuit Court against Joseph Schwartz, Rosie Schwartz, CIBC Bank USA; Woodland Hills HC Property Holdings, LLC; and John Doe 1 through 5, Unknown Defendants. Defendant CIBC Bank USA removed this action to this Court on February 7, 2020 on the basis of diversity. Thereafter, CIBC Bank USA and Woodland Hills HC Property Holdings, LLC were dismissed by the Court. (Doc. 18, 30) As such, the only remaining defendants in this action are Joseph Schwartz and Rosie Schwartz, and the John Does.

Upon the filing of this suit, Plaintiff sought to serve the named Defendants by certified mail, return receipt requested in accordance with the Arkansas Rules of Civil Procedure. With regard to service on Joseph Schwartz and Rosie Schwartz, the U.S.

Postal Service's verification of delivery to each of Joseph Schwartz and Rosie Schwartz on February 3, 2020, appears to reflect identical signatures despite the fact that Plaintiff specified on the green cards that delivery was to be restricted to the addressee.(Doc. 12) Accordingly, Plaintiff was unable to verify service as to each of Joseph Schwartz and Rosie Schwartz.

Following the return of the green cards from Plaintiff's attempted service on Joseph Schwartz and Rosie Schwartz, Plaintiff's ability to effect personal service on Joseph Schwartz and Rosie Schwartz was delayed by COVID-19 and New York's shelter in place orders which went into effect on March 20, 2020. Plaintiff reported to this Court the status of his attempts at service on Joseph Schwartz and Rosie Schwartz on April 17, 2020 and July 22, 2020. (Doc. 12 and 31)

Plaintiff then personally served each of Rosie Schwartz and Joseph Schwartz on July 30, 2020, with a copy of the Summons, Complaint and Amended Complaint at their usual place of abode at 21 Briarwood Lane, Suffern, NY 10901, via a licensed process server pursuant to New York Rule of Civil Procedure 308(4), which permits personal service by affixing the summons to the door of the usual place of abode within the state and by mailing the summons to the person at his last known residence in an envelope bearing the legend "personal and confidential."  Pursuant to New York Rule of Civil Procedure 308(4), Geraldina Schiavone, a process server with Perillo Professional Services, followed up with mailings to each of Rosie and Joseph Schwartz marked personal and confidential on August 4, 2020. The USPS Tracking information verifies that delivery of the mailings to Rosie and to Joseph Schwartz were completed on August 5, 2020. In accordance with New York Rule of Civil Procedure 308(4), Affidavits of Service

as to each of Rosie Schwartz and Joseph Schwartz were filed with the clerk of this Court on August 17, 2020, which was within 20 days of the affixing and mailing and such service, which deemed service on Rosie and Joseph Schwartz complete within 10 days of the filing, on August 27, 2020. (Doc. 33, 34)

Upon service, Defendants Rosie and Joseph Schwartz had twenty-one days in which to file Answers or other responsive pleading. *See* Rule 12 of the Federal Rules of Civil Procedure. Defendants Rosie and Joseph Schwartz did not meet their respective twenty-one day deadlines, which expired on September 17, 2020. Instead, as of September 28, 2020, more than 21 days after service of the Complaint, no Answer or other responsive pleading has been filed. Because Defendants failed to meet the twenty-one day requirement, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff is entitled to a default judgment against Defendants Rosie and Joseph Schwartz.

## **LEGAL ARGUMENT**

As this Court noted in *Roberts v. Kevmar Capital Corp.*, 411-CV-00681-BRW, 2012 WL 1193133, at *1 (E.D. Ark. Apr. 10, 2012),

> A "default" occurs when a defendant failed to answer or otherwise respond to a complaint, and an "entry of default" is what the clerk of the court enters when it is established that a defendant is in default.[5] The entry of default does not determine any rights, but is a procedural step in obtaining default judgment.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants had 21 days after being served with the summons and complaint within which to Answer. Because Defendants failed to timely answer or otherwise appear, Plaintiff is entitled to have default entered against Defendants pursuant to Rule 55(a) of the Federal Rules of

Civil Procedure. Once default is entered, the only remaining issue is one of determining damages stemming from the default.

> Federal Rule of Civil Procedure 55(b)(2) states, in relevant part:
> *If,* in order to enable the court to enter judgment or to carry it into effect, *it is necessary* to take an account or to determine *1333 the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, *the court may conduct such hearings or order such references* as it deems necessary and proper * * *.
> (Emphasis added). In interpreting this rule, the Supreme Court has held that "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944).

*Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1332–33 (8th Cir. 1988).

In this matter, Defendants Rosie and Joseph Schwartz were correctly served when the summons, Complaint, and Amended Complaint were personally served on them pursuant to the service laws in New York. (Doc. 33, 34) Defendants had until September 17, 2020, to respond. It is undisputed that that Defendants Rosie and Joseph Schwartz failed to meet the deadline. Because Defendants Rosie and Joseph Schwartz have failed to meet their deadline for responding, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff requests that this Court enter a default against Defendants Rosie and Joseph Schwartz, and set the matter for an evidentiary hearing to determine damages to which Plaintiff is entitled due to the default judgment.

WHEREFORE, Plaintiff moves for a Default Judgment to be entered against Defendants Rosie Schwartz and Joseph Schwartz, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,


By /s/ Deborah T. Riordan
Deborah Truby Riordan (AR93231)
**RIORDAN LAW FIRM**
1501 N. University Ave., Suite 310
Little Rock, AR 72207
deb@arklawoffice.com

and

James L. Wilkes, II (AR98180)
Wilkes & McHugh, P.A.
1 North Dale Mabry Highway, Suite 700
Tampa, Florida 33609
Telephone: (813) 873-0026
Facsimile: (813) 286-8820
james@wilkesmchugh.com

Robert H. Edwards (AR99010)
THE EDWARDS LAW FIRM, PLLC
711 West Third Street
Little Rock, AR 72201
bob@bobedwardslaw.com

Jeff R. Priebe (AR 2001124)
JEFF PRIEBE LAW FIRM
P.O. Box 7481
Little Rock, AR 72217
jeff@jeffpriebelawfirm.com

*Attorneys for Plaintiff*