IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT E RACK, as Special Administrator**　　　　　　　　　　　　**PLAINTIFF**
for the Estate of Lois M. Rack, Deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack;

v.　　　　　　　　　Case No. 4:20-CV-00135 – BRW-JTK

**JOSEPH SCHWARTZ, ROSIE SCHWARTZ,**
**JOHN DOES 1-5, Unknown Defendants**　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

### I. BACKGROUND

On October 14, 2020, a Clerk's Entry of Default was entered against Defendants Joseph Schwartz and Rosie Schwartz,[1] and copies of that Default were mailed to Joseph Schwartz and Rosie Schwartz that same day.

### II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[2] A clerk's entry of default under Federal Rule of Civil Procedure 55(a) permits the plaintiff to move for default judgment under Rule 55(b).[3] Under Rule 55(b)(1), the clerk can enter default judgment if a "plaintiff's claim is for

---

[1] Doc. No. 39.
[2] Fed. R. Civ. P. 55(a).
[3] *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (citation and internal quotations omitted).

a sum certain or a sum that can be made certain by computation,"[4] like an amount clearly due under a contract.[5] If the claim is not for a definite amount, the plaintiff "must apply to the court for a default judgment."[6] Rule 55(b) provides that a "default judgment may be entered against a party who has defaulted 'for not appearing.'"[7] The Eighth Circuit "has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment for failure to defend should be granted."[8]

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true."[9] However, a court must ensure that the "unchallenged facts constitute a legitimate cause of action" before entering a default judgment.[10] "Under Rule 55(b)(2), the Court may hold an evidentiary hearing to determine damages, but a hearing is not required if the amount is ascertainable from definite figures, facts, and evidence provided by plaintiffs."[11]

## III. DISCUSSION

In this case, the Clerk's entry of default was appropriate because Defendants failed to file an answer or other responsive pleading within twenty-one days of service of the Summons and

---

[4] Fed. R. Civ. P. 55(b)(1).
[5] *Purity Bakery Bldg. Ltd. P'hip v. Penn-Star Ins. Co.*, No. 11-CV-0094 PJS AJB, 2011 WL 1324973, at 2 (D. Minn. Apr. 7, 2011) ("Typically, Rule 55(b)(1) is used to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan."); see also *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) (holding that the "full amount of the check in question" was a sum certain for purposes of Rule 55(b)(1)); *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003) (collecting cases on the definition of "sum certain.").
[6] Fed. R. Civ. P. 55(b)(2).
[7] *Am. Auto. Ass'n, Inc. v. Advance Quotes, LLC*, No. 6:10-CV-06020, 2010 WL 2985505, at 2 (W.D. Ark. June 29, 2010), report and recommendation adopted, No. CIV. 10-6020, 2010 WL 2990063 (W.D. Ark. July 26, 2010) (citing Fed. R. Civ. P. 55(b)(1)).
[8] *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). The Eighth Circuit has held that failing to appear at hearings and depositions even after filing an answer is "ample basis for a grant of default judgment."; see also *Dole v. L & J, Inc.*, No. CIV. A. LR-C-89-339, 1990 WL 250974, at 1 (E.D. Ark. Feb. 26, 1990) (granting default judgment after plaintiff defaulted for failure to appear).
[9] *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).
[10] *Id.*
[11] *BMO Harris Bank N.A. v. Richland Express, Inc.*, No. 2:17-CV-00149-KGB, 2018 WL 8299883, at 7 (E.D. Ark. Sept. 28, 2018); see also Fed. R. Civ. P. 55(b)(2); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988).

Complaint, and that failure was shown by affidavit.[12] Plaintiff filed a status report from the Department of Defense showing that neither Defendant is in active military service in compliance with the Servicemembers Civil Relief Act.[13] Taking Plaintiff's allegations in the Complaint as true, except for those allegations as to the amount of damages, I conclude that the unchallenged facts constitute a legitimate cause of action pursuant to Arkansas Survival of Actions Statute (Ark. Code Ann. § 16-62-101) and the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102). Accordingly, Plaintiff is entitled to default judgment against Defendants. On June 30, 2021, the case was referred to Judge Kearney for trial and disposition on damages.[14] On October 19, 2021, Judge Kearney held an evidentiary hearing for the purpose of establishing damages and his Recommendations are forthcoming.

## CONCLUSION

Based on the findings of fact and conclusions of law above, default judgment is entered against Defendants Joseph Schwartz and Rosie Schwartz.

**IT IS SO ORDERED** this 22nd day of December, 2021, *nunc pro tunc* July 30, 2021.

BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE

---

[12] Doc. Nos. 38-1, 38-2.
[13] Doc. Nos. 38-3, 38-4.
[14] Doc. No. 44.