IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Robert E. Rack, as Special Administrator
for the Estate of Lois M. Rack, deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack

                             PLAINTIFF

vs.         CASE NO. 4:20-cv-135-BRW

Joseph Schwartz; Rosie Schwartz;
And John Doe 1 through 5, Unknown Defendants,

                           DEFENDANTS

**PLAINTIFF'S MOTION TO HOLD DEFENDANTS, JOSEPH AND ROSIE SCHWARTZ, IN CONTEMPT OF COURT**

  Comes now Plaintiff Robert E. Rack, as Special Administrator for the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack, and files the following:

  1. Plaintiff filed the instant nursing home neglect and abuse lawsuit against Defendants, arising from the preventable injuries, harm, and untimely death suffered by Lois M. Rack as a result of the negligent and reckless conduct of the Defendants.

  2. On October 14, 2020, a Clerk's Entry of Default was entered against Defendants, Joseph Schwartz and Rosie Schwartz for failure to file an answer or responsive pleading. Doc. No. 39.

  3. Subsequently, this Court granted default judgment against Defendants, Joseph and Rosie Schwartz on December 22, 2021. Doc. No. 68.

4.     Plaintiff conducted a bench trial on damages on October 19, 2021.

5.     On December 27, 2021, United States Magistrate Judge, Jerome T. Kearney, recommended that Plaintiff be awarded $10,017,792.86 in damages. Doc. No. 69.

6.     On January 14, 2022, the Honorable Billy Roy Wilson, United States District Judge approved and adopted the recommendations of United States Magistrate Judge, Jerome T. Kearney, and entered Judgment accordingly. Doc. Nos. 70-71.

7.     In order to collect the judgment Plaintiff obtained and served Subpoenas to Testify at a Deposition in a Civil Action for both Defendants, Joseph and Rosie Schwartz to testify on March 18, 2022, with service being accomplished on February 18, 2022 at 2:50p.m.[1] Service of these Subpoenas to Testify at a Deposition in a Civil Action complied with Federal Rule of Civil Procedure 45(b)(4).

8.     The Subpoenas to Testify at a Deposition in a Civil Action served upon Defendants, Joseph and Rosie Schwartz, contained requests for production of documents pursuant to Federal Rule of Civil Procedure 45(a)(4).

9.     On March 18, 2022, Defendants, Joseph and Rosie Schwartz failed to appear for their subpoenaed depositions.[2]

---

[1] Copies of the Returns of Service of the Subpoenas to Testify at a Deposition in a Civil Action for Defendants Joseph and Rosie Schwartz are attached hereto as Exhibits "A," and "B," respectively.

[2] Copies of the Transcripts of Deposition of Joseph and Rosie Schwartz dated March 18, 2022 are attached hereto as Exhibits "C," and "D," respectively.

10. On June 8, 2022, Plaintiff filed Requests for Production in Aid of Judgment to Defendants Joseph and Rosie Schwartz[3]. Despite several attempts, service on Defendants Joseph and Rosie Schwartz was unsuccessful[4].

11. Federal Rule of Civil Procedure 45 sets forth that a person may commanded to appear for a deposition upon being served with a subpoena.

12. Federal Rule of Civil Procedure 45 also allows for a person to be commanded in a subpoena to produce documents, electronically stored information, or tangible things. F.R.C.P. 45.

13. Federal Rule of Civil Procedure 45(g) allows the issuing court to "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it."

14. Here, Defendants, Joseph and Rosie Schwartz failed to obey the Subpoenas to Testify at a Deposition in a Civil Action issued by this Court and requests for production of documents contained therein, without adequate excuse.

15. Accordingly, Plaintiff moves for this Honorable Court to hold Defendants, Joseph Schwartz and Rosie Schwartz, in contempt of court for failure to appear for their depositions in accordance with the Subpoenas to Testify at a Deposition in a Civil Action issued by this Court.

---

[3] Copies of the Requests for Production in Aid of Judgment to Joseph and Rosie Schwartz are attached hereto as Exhibits "E," and "F," respectively.
[4] Copies of the Returns of Service of the Subpoenas to Testify at a Deposition in a Civil Action for Defendants Joseph and Rosie Schwartz are attached hereto as Exhibits "G," and "H," respectively.

## MEMORANDUM OF LAW

Pursuant to the Federal Rules of Civil Procedure, upon being served with a subpoena, a person may commanded to appear for a deposition or to produce documents, electronically stored information, or tangible things. F.R.C.P. 45. Failure to comply with such a subpoena is grounds for an order of contempt from the court; the Rules allow the court to "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." F.R.C.P. 45(g). "Civil contempt proceedings may be initiated by notice and motion**.**" *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). "[T]he Federal Rules of Civil Procedure have simplified motion practice and largely eliminated the need to seek show-cause orders. *Id.*

Under Rule 45, a subpoena is treated as a court order: "Although the subpoena is in a sense the command of the attorney who completes the form, **defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions**[.]" Advisory Committee Notes to Rule 45(a) (1991 amend.)(emphasis added). See also *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010)("subsection [(g)] of Rule 45 broadly refers to the contempt power of the 'issuing court,' which implies that **all discovery subpoenas are contempt-sanctionable orders of the court** whether issued in blank by the clerk or by an attorney as an officer of the court." (emphasis added.)) As such, a court is not required to order

4

compliance with a subpoena before imposing contempt sanctions. See *U.S. S.E.C. v. Hyatt*, 621 F.3d 687 (7th Cir. 2010).

Here, Defendants Joseph and Rosie Schwartz failed to obey the Subpoenas to Testify at a Deposition in a Civil Action issued by this Court and requests for production of documents contained therein, without adequate excuse. Accordingly, Plaintiff moves for this Honorable Court to hold Defendants, Joseph Schwartz and Rosie Schwartz, in contempt of court for failure to appear for their depositions in accordance with the Subpoenas to Testify at a Deposition in a Civil Action issued by this Court.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter an Order holding Defendants, Joseph and Rosie Schwartz in contempt of court pursuant to F.R.C.P. 45(g). Alternatively, Plaintiff moves for this Honorable Court to enter an order commanding Defendants, Joseph and Rosie Schwartz to obey the Subpoenas to Testify at a Deposition in a Civil Action, appear for a deposition, and produce the documentation requested.

Dated: January 24, 2023.          Respectfully submitted,

*/s/ James L. Wilkes, II*
James L. Wilkes, II (AR98180)
Attorney for Plaintiff
**WILKES & ASSOCIATES, P.A**.
1 North Dale Mabry Highway, Suite 700
Tampa, Florida 33609
Telephone: (813) 873-0026

Facsimile: (813) 286-8820
EMAIL: jimw@yourcasematters.com

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was sent via U.S. Mail and U.S. Certified Mail Return Receipt requested to the following:

Joseph Schwartz
21 Briarwood Lane
Suffern, NY 10901
**Via U.S. Mail and Certified Mail Return Receipt 7021 0950 0000 5976 8997**

Rosie Schwartz
21 Briarwood Lane
Suffern, NY 10901
**Via U.S. Mail and Certified Mail Return Receipt 7021 0950 0000 7976 9000**

*/s/ James L. Wilkes, II*
James L. Wilkes, II (AR98180)
Attorney for Plaintiff