Page 1

**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ARKANSAS
-----------------------------------------------X
ROBERT E. RACK, AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF LOIS M. RACK, DECEASED,
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF LOIS M. RACK,

                    Plaintiff,

   -against-   Case Number:
                 4:20-CV-135-BRW

JOSEPH SCHWARTZ; ROSE SCHWARTZ, HOLDINGS
BANK USA; WOODLAND HILLS HC PROPERTY
HOLDINGS, LLC; AND JOHN DOE 1 THROUGH 5,
UNKNOWN DEFENDANTS,

                    Defendants.
-----------------------------------------------X

                    Zoom videoconference
                    March 18, 2022
                    3:00 P.M.

      STATEMENT in the above-entitled matter, held before AnnMarie Cimmino, a Notary Public of the State of New York, at the above-stated time and place.

```
 1
 2    A P P E A R A N C E S:
 3
      (VIA VIDEO CONFERENCE.)
 4
 5
 6    WILKES & ASSOCIATES
 7         Attorneys for Plaintiff
 8         One North Dale Mabry Highway, Suite 700
 9         Tampa, Florida 33609
10    BY:  BLAKE FROMANG, ESQ.
11    EMAIL:  Bfromang@yourcasematters.com
12
13    ALSO PRESENT:
14         Shereck Video Services, Inc.
15         David Shereck  - videographer
16         David@shereckvideo.com
17
18              *  *  *  *  *  *  *  *  *
19
20
21
22
23
24
25
```

1
2          MR. FROMANG:  Present today for
3    Plaintiff's, Robert E. Rack, as
4    Special Administrator of the Estate
5    of Lois M. Rack, against Joseph and
6    Rosie Schwartz is Blake Formang.
7          This deposition was set today
8    to begin at 2:30 P.M., as reflected
9    by the Subpoena I am attaching as
10   Exhibit A.
11         (Two-page Subpoena, marked as
12   Plaintiff's Exhibit A, for
13   identification, as of this date.)
14         MR. FROMANG:  I am also
15   attaching as another exhibit, the
16   Affidavit of Service, which shows
17   that service was properly done on
18   February 18, 2022, at 2:50 P.M.,
19   roughly a month before today, and
20   that Affidavit of Service was
21   accepted.
22         (Seven-page Affidavit of
23   Service, marked as Plaintiff's
24   Exhibit B, for identification, as of
25   this date.)

1
2    MR. FROMANG:  This deposition,
3  again, was to begin at 2:30 P.M.  We
4  have waited thirty minutes.  There
5  are no signs or notifications from
6  Joseph Schwartz that he is going to
7  appear.
8    He has not made any appearance,
9  so at this time, we are going to
10 conclude the deposition, and I am
11 going to certify this as a
12 nonappearance from Joseph Schwartz.
13    (Time noted:  3:01 P.M.)
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATION

I, AnnMarie Cimmino, a Notary Public in and for the State of New York, do hereby certify:

THAT the foregoing is a true and accurate transcript of my stenographic notes.

IN WITNESS WHEREOF, I have hereunto set my hand this 18th day of March, 2022.

*AnnMarie Cimmino*

ANNMARIE CIMMINO

## A
above-entitled 1:18
above-stated 1:21
accepted 3:21
accurate 5:8
Administrator 1:4 3:4
Affidavit 3:16 3:20,22
against- 1:7
AnnMarie 1:19 5:4,15
appear 4:7
appearance 4:8
ARKANSAS 1:2
ASSOCIATES 2:6
attaching 3:9,15
Attorneys 2:7

## B
B 3:24
BANK 1:10
BEHALF 1:5
BENEFICIA... 1:5
Bfromang@y... 2:11
Blake 2:10 3:6

## C
C 2:2
Case 1:7
CERTIFICA... 5:2
certify 4:11 5:6
Cimmino 1:19 5:4,15
conclude 4:10
CONFEREN... 2:3
COURT 1:2

## D
Dale 2:8
date 3:13,25
David 2:15
David@shere... 2:16
day 5:11
DEATH 1:5
DECEASED 1:4
Defendants 1:11 1:12
deposition 3:7 4:2,10
DISTRICT 1:2 1:2
DOE 1:10

## E
E 1:4 2:2,2 3:3
EMAIL 2:11
ESQ 2:10
Estate 1:4 3:4
exhibit 3:10,12 3:15,24

## F
February 3:18
Florida 2:9
foregoing 5:7
Formang 3:6
FROMANG 2:10 3:2,14 4:2

## G
going 4:6,9,11

## H
hand 5:11
HC 1:10
held 1:19
hereunto 5:11
Highway 2:8
HILLS 1:10
HOLDINGS 1:9 1:10

## I
identification 3:13,24

## J
JOHN 1:10
Joseph 1:9 3:5 4:6,12

## K

## L
LLC 1:10
Lois 1:4,5 3:5

## M
M 1:4,5 3:5
Mabry 2:8
March 1:15 5:12
marked 3:11,23
matter 1:19
MIDDLE 1:2
minutes 4:4
month 3:19

## N
N 2:2
New 1:20 5:5
nonappearance 4:12
North 2:8
Notary 1:20 5:4
noted 4:13
notes 5:9
notifications 4:5
Number 1:7

## O

## P
P 2:2,2
P.M 1:16 3:8,18 4:3,13
place 1:21
Plaintiff 1:6 2:7
Plaintiff's 3:3,12 3:23
Present 2:13 3:2
properly 3:17
PROPERTY 1:10
Public 1:20 5:5

## Q

## R
R 2:2
Rack 1:4,4,5 3:3 3:5
reflected 3:8
Robert 1:4 3:3
ROSE 1:9
Rosie 3:6
roughly 3:19

## S
S 2:2
Schwartz 1:9,9 3:6 4:6,12
service 3:16,17 3:20,23
Services 2:14
set 3:7 5:11
Seven-page 3:22
Shereck 2:14,15
shows 3:16
signs 4:5
Special 1:4 3:4
State 1:20 5:5
STATEMENT 1:18
STATES 1:2
stenographic 5:8
Subpoena 3:9 3:11
Suite 2:8

## T
Tampa 2:9
thirty 4:4
time 1:21 4:9,13
today 3:2,7,19
transcript 5:8
true 5:7
Two-page 3:11

## U
UNITED 1:2
UNKNOWN 1:11
USA 1:10

## V
Video 2:3,14
videoconference 1:14
videographer 2:15

## W
waited 4:4
WHEREOF 5:10
WILKES 2:6
WITNESS 5:10
WOODLAND 1:10
WRONGFUL 1:5

## X
X 1:3,12

## Y
York 1:20 5:6

## Z
Zoom 1:14

## 0

## 1
1 1:10
18 1:15 3:18
18th 5:11

## 2
2:30 3:8 4:3
2:50 3:18
2022 1:15 3:18 5:12

## 3
3:00 1:16
3:01 4:13
33609 2:9

## 4
4:20-CV-135-... 1:8

## 5
5 1:10

## 6

## 7
700 2:8

## 8

9

**EXHIBIT**

PLAINTIFF'S A - 3/18/22 - A.C.

## RETURN OF SERVICE
### UNITED STATES DISTRICT COURT
### Middle District of Arkansas

Case Number: 4:20-CV-135-BRW

Plaintiff: Robert E. Rack, as Special Administrator of the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack
vs.
Defendant: Joseph Schwartz; Rose Schwartz, CIBC Bank USA; Woodland Hills HC Property Holdings, LLC; and John Doe 1 through 5, Unknown Defendants

For: Blake Fromang
   Wilkes & Associates. P.A.

Received by SLK INVESTIGATIONS, INC. on the 17th day of February, 2022 at 11:08 am to be served on Rosie Schwartz, 21 Briarwood Lane, Suffern, NY 10901. I, _Anthanius Iavarone_, do hereby affirm that on the __18__ day of __February__, 20_22_ at _2:50_ pm., executed service by delivering a true copy of the **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND COVER LETTER** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____ who is over the age of fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.( ) AUTHORIZED ENTITY: By serving _____ as _____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

(X) MILITARY I asked the person spoken to whether recipient was in active military service of the United States or of the State of Florida in any capacity whatsoever and received a NEGATIVE/POSITIVE reply. PLEASE CIRCLE ONE.

(X) MARITIAL STATUS: (YES) or NO. PLEASE CIRCLE ONE

COMMENTS:_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true."

PROCESS SERVER # _____
Appointed in accordance with State Statutes

SLK INVESTIGATIONS, INC.
2212 East 5th Avenue
Tampa, FL 33605
(813) 247-6250

Our Job Serial Number: 2022001121

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

## RETURN OF SERVICE
UNITED STATES DISTRICT COURT
Middle District of Arkansas

Case Number: 4:20-CV-135-BRW

Plaintiff: Robert E. Rack, as Special Administrator of the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack
vs.
Defendant: Joseph Schwartz; Rose Schwartz, CIBC Bank USA; Woodland Hills HC Property Holdings, LLC; and John Doe 1 through 5, Unknown Defendants

For: Blake Fromang
    Wilkes & Associates, P.A.

Received by SLK INVESTIGATIONS, INC. on the 17th day of February, 2022 at 11:08 am to be served on Joseph Schwartz, 21 Briarwood Lane, Suffern, NY 10901. I, _Anthony Iaraole_, do hereby affirm that on the __18__ day of _February_ 20_22_ at _2:50_ pm., executed service by delivering a true copy of the **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND COVER LETTER** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(X) SUBSTITUTE SERVICE: By serving _Rosie Schwartz_ as _Wife_ who is over the age of fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.( ) AUTHORIZED ENTITY: By serving _____ as _____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

(X) MILITARY I asked the person spoken to whether recipient was in active military service of the United States or of the State of Florida in any capacity whatsoever and received a NEGATIVE/POSITIVE reply. PLEASE CIRCLE ONE.

(X) MARITIAL STATUS (YES) or NO. PLEASE CIRCLE ONE

COMMENTS: _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true."

PROCESS SERVER # _____
Appointed in accordance with State Statutes

SLK INVESTIGATIONS, INC.
2212 East 5th Avenue
Tampa, FL 33605
(813) 247-6250

Our Job Serial Number: 2022001120

**EXHIBIT**

PLAINTIFF'S B - 3/18/22 - A.C.

AO 88A (Rev 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | |
|---|---|
| Robert E. Rack, et al. ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 4:20-CV-00135-BRW |
| Joseph Schwartz and Rosie Schwartz ) | |
| _Defendant_ ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Rosie Schwartz

_(Name of person to whom this subpoena is directed)_

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Jaguar Court Reporting, 44 Court St. Ste. 1207, Brooklyn, New York 11201 | Date and Time: 03/18/2022 10:30 am |
|---|---|

The deposition will be recorded by this method:  Court Reporter and Zoom

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/17/2022

_CLERK OF COURT_

OR  _/s/ signature_

_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff
_____, who issues or requests this subpoena, are:
Blake A. Fromang, 1 N. Dale Mabry Hwy. Ste. 700, Tampa, FL 33609, 813-873-0026

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:20-CV-00135-BRW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____   _____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A**

YOU ARE HEREBY REQUIRED TO BRING WITH YOU AND PRODUCE FOR INSPECTION AND/OR PHOTOCOPYING THE FOLLOWING:

## BANK RECORDS

1. Any and all documents and records of checking, savings, or any other type of account, foreign or domestic, maintained by deponent with any type of financial institution during the past five years, including but not limited to monthly account statements, checks, check registers, check stubs, canceled checks, and deposit slips.
2. All documents that refer to, reflect, or relate to any transfers made to or from any financial account held for the benefit of deponent, by any third party, for the past five years.
3. Any and all signature cards that name deponent as an authorized signatory on any financial account, for any entity or other third party, for the past five years.
4. Any and all documents submitted to any bank, financial institution, or any other person or entity, by deponent, for any loan or advance, in any capacity (borrower, guarantor, or surety) for the past five years.
5. Any and all documents concerning any interest in, or claimed title to, any certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits, or escrow funds owned or held by deponent in the past five years.
6. Any and all documents related to any account into which any of deponent's earnings or other income has been deposited in the past five years, whether deponent continued to have an interest in it or not.
7. Any and all documents evidencing deponent having authority to access any safe-deposit box or other bank-secured area, for the past five years.
8. Any and all documents evidencing any application signed by deponent or on behalf of deponent or deponent's wife and children, to open a foreign or offshore financial account in the name of deponent or any other entity.
9. Copies of IRA contracts for all IRAs that deponent currently has.

## REAL PROPERTY

1. Any and all documents that refer to, reflect, or relate to any real properly owned by deponent in the past five years.
2. Any and all documents that refer to, reflect, or relate to encumbrances on any real property owned by deponent.
3. Any and all documents evidencing ownership of real property in which deponent currently enjoys a direct or indirect beneficial interest.

4. Any and all checks, receipts, deeds, or other evidence of the sale or transfer of any real property in which deponent had a legal or equitable ownership interest, within the past five years.

5. Any and all lease agreements for real property in which deponent is the landlord or has a beneficial interest.

6. Any and all lease agreements for real property in which deponent is the lessor or lessee.

7. Any and all documents that evidence deponent's name being on any real property tax records, as payor or trustee, for the past five years.

8. Any and all deeds that title any real property to deponent as trustee for any other person or entity.

9. Any and all deeds of trust or mortgages held in favor of deponent at present or owned during the past five years.

10. Any and all documents evidencing any time-share property that deponent enjoys the use of.

11. Copies of any appraisals or other forms of valuation for any property that deponent has an interest in or held any interest in within the past five years.

12. Promissory notes or mortgages deponent signed during the past six years.

13. Copies of all deeds and mortgages to which deponent holds property as tenant by the entireties, tenant in common, or joint tenant.

## PERSONAL PROPERTY

1. Certificate of title or other evidence of ownership of any boat, watercraft, motorcycle, four-wheeler, recreational vehicle, go-kart, aircraft, agricultural equipment, or construction equipment owned by or in possession of deponent, whether owned by deponent or an entity that deponent is affiliated with, or held in trust by deponent.

2. Any and all note receivables, pledges, or security interests in favor of deponent now and in the past five years.

3. Copies of all homeowner's insurance policies and any other insurance policies or riders that have insured any property that deponent owns or has the benefit or use of, for the past five years.

4. List of household furnishings and fixtures that have been purchased within the past five years that had a purchase price of $999 or more.

5. Copies of all dock slips or other documentation evidencing the right to dock any watercraft in which deponent has a legal or beneficial interest.

6. Any and all documents that refer to or reflect any livestock owned by deponent within the past five years.

7. List and valuation of all collectibles (e.g., stamps, coins, sports cards, etc.) that deponent now owns or has owned within the past five years.

8. Any and all documents that refer or relate to any guns, jewelry, antiques, art, paintings, or other similar assets owned by deponent or in deponent's possession within the past five years.

9. Any and all documents evidencing any interest deponent may have in any patents, trademarks, copyrights, franchises, royalties of any kind, oil and gas rights, timber rights, or mineral rights.

BUSINESS INTERESTS/EMPLOYMENT

1. All documents that identify the name and address of any person or entity that has employed deponent within the past five years.

2. All documents that identify any person or entity for whom deponent has acted as independent contractor within the past five years.

3. All documents referring in any way, directly or indirectly, to any and all businesses in which deponent is a stockholder, partner, officer, director, owner, or registered agent.

4. Any and all corporate charters, minutes of stockholders' meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by deponent, or any subsidiary or other entity in which that corporation has held an ownership interest during the past five years.

5. List of all customers or clients of any kind with which the corporation (or other business entity owned by deponent) does business or has done business during the past five years.

6. All local, state, and federal tax returns filed by deponent in the past five years, including all attachments, schedules, W-2's, K-1's, and 1099 and 1098 forms.

7. All documents referring or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties, allowances, expenses, or other sums of money paid to deponent within the past five years.

8. Any and all employment contracts that deponent has had in the past five years.

INVESTMENTS

1. Any and all documents and records of stocks, bonds, mutual funds, debentures, certificates of deposit, or other investment vehicle owned by or held for the benefit of deponent.

2. Any and all documents relating to any retirement accounts or annuities, whether individual or employer sponsored, owned by deponent or held for the benefit of deponent.

3. Any and all rent rolls for the properties in which deponent has had an ownership interest for the past five years.

4. Copies of all 1099-D or 1099-I forms issued to deponent within the past five years.

5. Any and all documents referring to any stock options or profit-sharing plans held by deponent or for the benefit of deponent.

6. Any and all documents that evidence a cash value in any life insurance policy of deponent

3

and copies of all policies, whether term, whole life, or universal.

GENERAL

1. All documents evidencing any trust or amendments to trust in which deponent is a settlor, trustee, or beneficiary.

2. All documents evidencing any trust or amendments to trust that deponent has directly or indirectly contributed any assets to within the past 10 years.

3. Copies of all prenuptial and postnuptial agreements, to include the list of assets and liabilities to be held separately.

4. Copies of all separate property agreements, to include the list of assets and liabilities to be held separately.

5. Copy of any wills, including all amendments, in which deponent is or was named as a beneficiary.

6. All passports for travel outside the United States.

7. Copies of any and all credit card statements, for all cards on which deponent is an authorized user, for the past two years.

8. All documents referring to or reflecting the name and address of any storage facility or mini-warehouse to which deponent has access.

9. Copies of any and all financial statements that deponent has prepared for any lender or creditor in the past five years.

10. Copies of any and all professional licenses held by deponent.

11. Copies of all driver's licenses.

12. Copy of birth certificate.

13. Copies of all judgments of dissolution of marriage and any affidavits submitted in those proceedings.