IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Robert E. Rack, as Special Administrator
for the Estate of Lois M. Rack, deceased,
and on behalf of the wrongful death beneficiaries of
Lois M. Rack

                                                            PLAINTIFF

vs.                                CASE NO. 4:20-cv-135-BRW


Joseph Schwartz; Rosie Schwartz;
And John Doe 1 through 5, Unknown Defendants,

                                                            DEFENDANTS

## PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST DEFENDANTS JOSEPH AND ROSIE SCHWARTZ

Comes now Plaintiff Robert E. Rack, as Special Administrator for the Estate of

Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M.

Rack, and files this Motion for Contempt and Sanctions against Defendants Joseph

and Rosie Schwartz:

1.      On February 22, 2023, this Court entered an Order directing Defendants

Joseph and Rosie Schwartz "to show cause why civil contempt sanctions should not be

imposed for their failure to appear on March 18, 2022 at properly noticed depositions."

Doc. No. 74.

2.      However, Defendants failed to do so.

3.    Defendants provided their response to the Court's order on April 10, 2023, asserting that Defendants were "unaware of the Notices of Deposition and Requests for production related to this matter" until March 4, 2023. Doc. No. 80.

4.    Defendants further argue that "it is only fair to assume to that [Defendants] thought their attorneys were also copied and would advise them on how to proceed and respond."

5.    Defendants' counsel argues that he has represented Defendants since 2018 and has not received any communications from Plaintiff's counsel on this matter.

6.    However, despite Defendants' Counsel's assertion that he has represented Defendants since 2018, including in Arkansas, Counsel did not submit a Notice of Appearance in this matter until **March 8, 2023**. Further stating that they "have not received any communications from Plaintiff's counsel regarding this matter."

7.    As such, Defendants have failed to show cause why they should not be held in contempt for failing failure to appear on March 18, 2022 at properly noticed depositions in violation of this Court's February 22, 2023 Order.

8.    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the court "may hold in contempt a person who, having been served, fails **without adequate excuse** to obey the subpoena or an order related to it." Fed. R. Civ. P. 45. (emphasis added).

9.    Defendants and their counsel have not shown "**adequate excuse**" for their failure to obey the subpoenas and as such are subject to a finding of contempt.

10.    Defendants make two "excuses" for their failure to appear, neither of which are adequate:

a.  That Defendants didn't appear because they were relying on notice or advice from their counsel; and

b.  That despite representing Defendants since 2018, Defendants' Counsel did not receive any communications regarding this case, and did not file an appearance in this matter until March 2023.

11.    Waiting for the advice of counsel is not an adequate excuse to avoid contempt. See *Mattie T. v. Johnston*, 74 F.R.D. 498, 502 (N.D. Miss. 1976)(advice of counsel is not "adequate excuse" for disobeying a subpoena.)

12.    The neglect of a case by Defendants' counsel is not an adequate excuse to avoid contempt. See *Hecht v. Don Mowry Flexo Parts, Inc.*, 111 F.R.D. 6, 12 (N.D. Ill. 1986)("there are sound reasons for rejecting lawyer neglect as an adequate excuse[.]")

13.    Defendants not only committed contempt on this court by failing to appear for deposition or produce the required documents, but Defendants' Counsel also wastes this court's time by offering excuses that are completely unsupported by fact[1] or law.

---

[1] Defendants did not attach any evidence or affidavits to their Motion.

14.    Plaintiff has met their burden by showing via prima facie evidence that Defendants are guilty of contempt. Now the burden shifts to Defendants to show that they had an **adequate excuse** for their failure to obey Plaintiff's subpoenas; Defendants have failed to do so. Defendants' excuses are **inadequate,** and further, are unsupported by evidence or law. Defendants have failed to comply with the Court's Order and a finding of contempt is warranted.

15.    Rule 37(d) of the Federal Rules of Civil Procedure provides that certain sanctions are available where a party fails to appear to their depositions, including adverse inferences, default, dismissal, and contempt. Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A).

16.    Further, in addition to, *or* instead of, the listed sanctions, "the court **must** require the party failing to act, the attorney advising that party, or *both* **to pay the reasonable expenses, including attorney's fees, caused by the failure**[.]" Fed. R. Civ. P. 37(d)(3) (emphasis added).

17.    Additionally, a Court may impose fines on a contemptuous party in order to coerce compliance with an order: "civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).) See also *Jones v. Clinton*, 57 F. Supp.

2d 719, 723 (E.D. Ark. 1999) ("A coercive sanction, such as a fine, is designed to force the offending party to comply with a court's order"); *BMO Harris Bank N.A. v. Alton Bean Trucking, Inc.*, No. 6:16-CV-6118, 2019 WL 2656215, at *5 (W.D. Ark. June 27, 2019)("a court may impose a coercive sanction after holding a party in civil contempt, but the court must give the offender an opportunity to reduce or avoid the sanction through compliance.")

18.    As a result of Defendants' failure to comply with the Court's order, Plaintiff respectfully requests that this Court hold Defendants, Joseph and Rosie Schwartz, and their Counsel, in Contempt of Court and enter the following sanctions:

   a. That Defendants be Ordered to appear for deposition and provide the requested documents;

   b. That Defendants pay a daily fine, of an amount the Court deems necessary, until such a time that they appear for their deposition and provide the requested documents;

   c. That Defendants pay the reasonable expenses, including attorney's fees, caused by their failure to appear for deposition;

   d. That Defendants pay the reasonable expenses, including attorney's fees, caused by their failure to provide the requested documents;

   e. That Defendants pay the reasonable expenses, including attorney's fees, incurred in the filing of the January 24, 2023 Motion to Hold Defendants in

Contempt of Court, and the prosecution thereof, including this Motion for Contempt Sanctions; and

f. Any such other relief that this court finds necessary to ensure the administration of justice.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court enter an Order holding Defendants, Joseph and Rosie Schwartz in contempt of court and provide the relief requested above, or any such other relief as justice requires.

Dated: October 11, 2023.

Respectfully submitted,
/s/ James L. Wilkes, II
James L. Wilkes, II (AR98180)
Attorney for Plaintiff
**WILKES & ASSOCIATES, P.A**.
1 North Dale Mabry Highway, Suite 700
Tampa, Florida 33609
Telephone: (813) 873-0026
Facsimile: (813) 286-8820
EMAIL: jimw@yourcasematters.com

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was filed with the Court's CM/ECF filing system which will send a notification to:

Nickolas W. Dunn
Davidson Law Firm
724 Garland
P.O. Box 1300
Little Rock, AR 72203

And via U.S. Mail and U.S. Certified Mail Return Receipt requested to the following on October 11, 2023:

Joseph Schwartz
21 Briarwood Lane
Suffern, NY 10901
**Via U.S. Mail and Certified Mail Return Receipt 7021 0950 0000 5976 9055**

Rosie Schwartz
21 Briarwood Lane
Suffern, NY 10901
**Via U.S. Mail and Certified Mail Return Receipt 7021 0950 0000 7976 9048**

/s/ *James L. Wilkes, II*
James L. Wilkes, II (AR98180)
Attorney for Plaintiff