**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| **ROBERT E. RACK, as Special Administrator for the Estate of Lois M. Rack, deceased, and on behalf of the wrongful death beneficiaries of Lois M. Rack** | **PLAINTIFF** |
| **V.** | **CASE NO. 4:20-CV-00135-BRW** |
| **JOSEPH SCHWARTZ, *et al.*** | **DEFENDANTS** |

**DEFENDANTS' RESPONSE TO MOTION FOR CONTEMPT AND SANCTIONS**
**AGAINST DEFENDANTS JOSEPH AND ROSIE SCHWARTZ**

Defendants Joseph and Rosie Schwartz (hereinafter "Defendants"), by and through undersigned counsel, hereby submit their response to *Plaintiff's Motion for Contempt and Sanctions Against Defendants Joseph and Rosie Schwartz* (the "Motion") (Doc. No. 81):

1.      Prior to entering his appearance, on March 7, 2023, the undersigned counsel submits he attempted to contact Plaintiff's attorney by both email and telephone. Neither of these attempts to contact Plaintiff's counsel received a response.

2.      On March 8, 2023, the undersigned counsel entered his appearance in this matter. Since that date, Plaintiffs have made no attempts to contact Defendants, through counsel, to resolve any of the outstanding discovery matters.

3.      Seven (7) months later, Plaintiff astonishingly requests that this Court impose sanctions against Defendants for their failure to appear at a deposition on March 18, 2022. Based upon the record, it appears that the only communication that Plaintiff provided to Defendants was the Notice of Deposition.

4.      In is motion, Plaintiff cites several cases which it contends support the request for sanctions. However, these cited cases are clearly distinguishable from the case at hand:

a.  In *Mattie T. v. Johnston*, the parties were in communication with a witness set to be deposed; however, on the day before the scheduled deposition, the witness advised the parties he would not appear. 74 F.R.D. 798, 500 (N.D. Miss 1976). In the case at hand, there is no evidence that Plaintiff had any communications with Defendants regarding their appearances at a deposition which it would rely upon to expend the costs for said deposition. Further, the Court did not impose sanctions against the witness in *Mattie T.* and provided the witness with an opportunity to comply with the Order. *See id*. Here, Plaintiff has made no attempts to contact Defendants' counsel, or respond to his contacts, to resolve the discovery in this matter.

b.  In *Hecht v. Don Mowry Flexo Parts, Inc*., the defendant failed to comply with a trial subpoena duces tecum. 111 F.R.D. 6, 8 (N.D. Ill. 1986). And while the Court ultimately determined that the defendant was in civil contempt of court, no damages were awarded. *See id*. at 14. In *Hecht*, the Court found that plaintiff's pursuit of the civil contempt proceeding was too late and "plaintiff seemed uninterested in compliance." *Id*. The same must be said about Plaintiff in this case. The deposition was scheduled for March 18, 2022, but Plaintiff waited until January 24, 2023, more than ten (10) months later, to seek any relief before this Court. Furthermore, Plaintiff's failure to respond to Defendants' counsel's attempts to contact him, or contact him at all in the seven (7) months since his appearance on March 8, 2023, clearly shows that Plaintiff is uninterested in compliance.

5.      Lastly, Local Rule 7.2(g) requires that "all discovery-enforcement motions … shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule."

6.      Here, *Plaintiff's Motion to Hold Defendants, Joseph and Rosie Schwartz, in Contempt of Court* (Doc. 73), as well as *Plaintiff's Motion for Contempt and Sanctions Against Defendants Joseph and Rosie Schwartz* (Doc. 81), failed to include any such statement. Moreover, Plaintiff has failed to make any attempts to communicate with the undersigned counsel in the last seven (7) months with Defendants' counsel.

7.      Based upon the above, the relief sought by Plaintiff must be dismissed pursuant to Local Rule 7.2(g).

WHEREFORE, Defendants requests this Honorable Court:

i.      Deny Plaintiff's request for civil contempt sanctions.

Respectfully Submitted

*/s/ Benjamin C. Heidinger*
Benjamin C. Heidinger
**ROBERT J. FEDOR ESQ., LLC**
*Pro Hac Vice Application Pending*
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
Phone:  (800) 579-0997
Email:  bcheidinger@fedortax.com
*Attorney for Defendants*

*/s/ Nickolas W. Dunn*
Nickolas W. Dunn
**DAVIDSON LAW FIRM**
Post Office Box 1300
Little Rock, AR 72203
Phone: (501) 374-9977
Fax:   (501) 374-5917
Email: nick.dunn@dlf-ar.com
*Local Counsel for Defendants*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of November, 2023, I electronically filed a true and correct copy of this pleading via the federal ECF system and electronic mail to:

**James L. Wilkes, II (AR98180)**
WILKES & ASSOCIATES, P.A.
1 North Dale Mabry Highway, Suite 700
Tampa, Florida 33609

*/s/ Nickolas W. Dunn*
Nickolas W. Dunn

5